In the District Court of the United States
For the Middle District of Alabama
Northern Division

RECEIVED 2008 MAY -8 A 9:44
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Joe Carroll Ziglar,
Petitioner,

v.

United States of America,
Respondant

Civil Action #
2:07 cv 632-MEF

## Supplemental Pleading

COMES NOW PETITIONER, Joe Carroll Ziglar, pro-se, in compliance with Magistrate Judge Susan R. Walker's ORDER to specifically state grounds for relief under petition for Writ of Habeas Corpus filed by Ziglar on April 29, 2008. (Doc No. 21)

1. Ziglar has pleading styled as "Petition for Writ of Habeas Corpus," and is challenging the same conviction and sentence he has challenged through his 28 U.S.C. § 2255 Motion. Petitioner begs for leniency as he is untrained in law. And,

2. Ziglar will clarify his claim that the "law governing his sentence has been amended to his favor."

SCANNED DMN 5/9

Ziglar will also cite Federal Law which should have been presented at trial by his former Attorney, Donnie Wayne Bethel, Public Defender. It so inflamed Ziglar to learn that his own counsel had not zealously tried to obtain a fair sentence as the Constitution guarantees. Ziglar waived Attorney-client privilege and sought further relief by his § 2255 motion claiming ineffective assistance of counsel.

Grounds for relief stated specifically:

United States v. Huskey 137 F.3d 283, 288 (5th Circuit, 1998). Consolidation order not required on past convictions. In other words, prior sentences were run concurrently.

New Evidence as of November 1, 2007:

United States Sentencing Committee on Supplement to Appendix C Amendment 709

(2)

4A1.2 (a)(2) Sentences imposed on same day are counted as <u>one</u> single prior sentence. (See Attached)

Prior sentences imposed in related cases are to be treated as <u>one</u> single sentence for purposes of trial. 4A1.1 (A)(b), and (c)

Section 4A1.2 (a)
Insert: Prior sentences are always considered seperate if sentences were imposed for offenses that were seperated by an <u>intervening</u> arrest. (i.e. the defendant is arrested for the 1st offense prior to committing the 2nd offense.

If there is <u>no</u> intervening arrest, prior sentences are counted seperately unless
(a) the sentences resulted from offenses contained in the same charging instrument or,
(b) the sentences were imposed on the <u>same day</u> (As in Ziglar - see attachment)

Also, prior sentences are considered related if they resulted from offenses that:
(a) occurred on the same occasion
(b) were part of a single common scheme or plan, or
(c) were consolidated for trial or sentencing

(3)

Furthermore, and for the above stated specific reasons, Petitioner Joe Carroll Ziglar pleads the court to review this evidence and carry out Writ of Habeas Corpus, bringing Ziglar back to this Honorable Court with new counsel as he cannot afford an attorney.

Finally, Ziglar recognizes the fact that the Amendment was made 'after the fact' and has not been declared retroactive, yet believes that this cleared up the language for sentencing purposes.

Certificate of Service

I, Joe Carroll Ziglar, am serving a true copy of this pleading to the

1. U.S. Attorneys
2. Clerk of the Court.

Signed,

Joe C. Ziglar

dated

5-06-08